IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SCOTT W. DIBIASIO<br>2710 Mapleview Ct.<br>Odenton, MD 21113,<br><br>Plaintiff,<br><br>v.<br><br>PLASMA PROTEIN THERAPEUTICS<br>ASSOCIATION<br>3050 K Street, NW<br>Washington, DC 20007<br><br>Defendant. | )<br>)<br>)<br>) CASE NUMBER 1:07CV00390<br>)<br>) JUDGE: Emmet G. Sullivan<br>)<br>) DECK TYPE: Employment Discrimination<br>)<br>) DATE STAMP: 02/23/2007<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 *et seq.*, Defendant Plasma Protein Therapeutics Association ("PPTA") hereby files this Notice of Removal of the case styled *Scott W. DiBiasio v. Plasma Protein Therapeutics Association*, Case No. 0008973-06, in the Superior Court of the District of Columbia, on the following grounds:

1. On January 19, 2007, PPTA received the Complaint in this matter.

2. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) within thirty (30) days after PPTA received notice, through service or otherwise, of the Complaint.

3. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court, over which the United States District Court has original jurisdiction, may be removed to that District Court embodying the place where such action is pending. Since this lawsuit is now pending in the Superior Court of the District of Columbia, this Court has removal jurisdiction.

4. The Complaint contains one Count containing allegations of retaliation under Title VII of the Civil Rights Act of 1964. The Complaint is based entirely on this single federal Act and alleged cause of action.

5. Accordingly, this case involves a civil action over which this Court properly has original jurisdiction under 28 U.S.C. § 1331 (Federal Question) and is removable to this Court by virtue of the provisions of 28 U.S.C. §§ 1441 *et seq.*

6. Plaintiff is a resident of Maryland, and defendant is a non-profit corporation with a principal place of business in the District of Columbia. Moreover, the amount-in-controversy exceeds $75,000. Accordingly, this case involves a civil action over which this Court properly has original jurisdiction under 28 U.S.C. § 1332 (Diversity) and is removable to this Court by virtue of the provisions of 28 U.S.C. §§ 1441 *et seq.*

7. True and correct copies of all papers and pleadings served on PPTA to date are attached hereto as Exhibit 1.

8. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the District of Columbia as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Plasma Protein Therapeutics Association respectfully requests that this case be removed, without waiver of procedural or substantive defenses, from the Superior Court of the District of Columbia for all purposes.

Respectfully submitted,

_____
Thomas E. Gilbertsen, D.C. Bar No. 432290
David J. Ervin, D.C. Bar No. 445013
Joanna E. Baden-Mayer
KELLEY DRYE & WARREN LLP
3050 K Street NW Ste. 400
Washington, D.C. 20007
Telephone: 202-342-8400
Facsimile: 202-342-8451

Attorneys for Defendant
Plasma Protein Therapeutics Association

Dated: February 8, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 8th day of February, 2007, a copy of the foregoing Notice of Removal was served by United States Mail on:

> Alan Lescht
> Alan Lescht & Associates, P.C.
> 1050 17th Street, N.W.
> Suite 220
> Washington, D.C., 20036
>
> Attorneys for Plaintiff

_____



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SCOTT W DIBIASIO
    Vs.                                    C.A. No.    2006 CA 009291 B
PLASMA PROTEIN THERAPEUTICS ASSOCIATION

### INITIAL ORDER

**FILED**
FEB 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                     Chief Judge Rufus G. King, III

Case Assigned to: Judge
Date:   December 18, 2006
Initial Conference: , ,
Location:

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Scott R. DiBiasio
2710 Mapleview Court
Odenton, MD 21113

*Plaintiff*

0008973-06

vs.

Civil Action No. _____

Plasma Protein Therapeutics Association
3050 K St, NW
Wash., DC 20007      *Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan Lescht, Esq.

Name of Plaintiff's Attorney

1050 17th St, NW, Suite 220

Address
Wash., DC 20036

202-463-6036

Telephone

Deputy Clerk

DEC 18 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Scott W. DiBiasio<br>2710 Mapleview Ct.<br>Odenton, Md. 211113 | * * * * | JURY TRIAL DEMANDED |
| Plaintiff,<br>v.<br>Plasma Protein Therapeutics<br>Association<br>3050 K St., NW<br>Wash., DC 20007<br>Defendant. | * * * * * * * * * * * | Civ. No. 0008973-06 |

RECEIVED
Civil Clerk's Office
DEC 1 8 2006
Superior Court of the
District of Columbia
Washington, D.C.

*******************************************************************************

## COMPLAINT

Plaintiff, by counsel, complains of the Defendant, as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction and venue over this action because Defendant has its principal office here.

### THE PARTIES

2. Plaintiff Scott W. DiBiasio resides at 2710 Mapleview Ct., Odenton, Md. 211113.

3. On information and belief, Defendant Plasma Protein Therapeutics Association is a non profit corporation that formerly employed Plaintiff and has its principal office located at 3050 K St., NW, Wash., DC 20007 and employs more than 15 people.

### FACTS

4. Plaintiff was formerly employed by Defendant.

5. In or about May 2005, Plaintiff complained to management about what he in reasonable good faith believed to be unlawful discrimination at work.

6. Defendant terminated his employment in or about October 2005 because Plaintiff complained to management about what he in reasonable good faith believed to be unlawful discrimination at work.
7. The reasons given by Defendant for terminating Plaintiff's employment are false and pretext to mask unlawful retaliation discrimination.
8. Defendant's unlawful conduct was intentional, wanton, malicious and in reckless disregard of Plaintiff's civil rights.
9. Plaintiff has sustained damages as a result of her wrongful termination of employment consisting of pain and suffering, emotional distress, mental anguish, lost pay, front pay, and lost benefits.
10. This action was filed after Plaintiff filed a charge of discrimination and within 90-days after he received notice of a right to sue from EEOC.

## COUNT 1

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1-10 as if more fully set forth herein.
12. By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964, as amended by terminating Plaintiff's employment because he complained to management about what he in reasonable good faith believed to be unlawful discrimination at work.
13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment and damages on Count 1 in an amount to be determined by a jury consisting of damages for pain and suffering, emotional distress, mental anguish, lost pay, lost benefits, front pay, front benefits, liquidated damages, punitive damages, interest, taxes on any award, and reasonable attorneys fees, but not less than $50,000, plus such other relief as the Court deems just

and fair.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date:  December 18, 2006

Alan Lescht & Associates, P.C.

By: _____
Alan Lescht
D.C. Bar No. 441691
Susan Kruger
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

3

07-390
H EGS

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Scott W. DiBiasio | Plasma Protein Therapeutics Association |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

CASE NUMBER  1:07CV00390

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan Lescht
Alan Lescht & Associates, P.C.
1050 17th St., N.W., Suite 220
Washington, D.C.  20036

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 02/23/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place X in one category ... represents your cause of action and **one** in a corresponding Nature of Suit)

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **F.** *Pro Se General Civil*

1 28 USC 158
rawal 28 USC 157

ons
 Penalty
amus & Other
Rights
 Condition

ts
rights
t
emark

uits
 (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

---

```
Court Name: District of Columbia
Division: 1
Receipt Number: 4616002517
Cashier ID: dcallis
Transaction Date: 02/23/2007
Payer Name: KELLEY DRYE COLLIER SHANNON

CIVIL FILING FEE
 For: KELLEY DRYE COLLIER SHANNON
 Amount:       $350.00

CHECK
 Check/Money Order Num: 20720
 Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:       $0.00

07-0390

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.
```

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☑ H. *Employment Discrimination*<br>☑ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff alleges retaliation claim under Title VII of the Civil Rights Act of 1964

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☑ NO   If yes, please complete related case form.

DATE 2/22/07   SIGNATURE OF ATTORNEY OF RECORD

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.